[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12578
Non-Argument Calendar

_____

D. C. Docket No. 07-00292-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLTON D. BRYE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 13, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Carlton Brye appeals his conviction for being a felon in possession of a

firearm and two groups of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Brye makes the following arguments: (1) the Supreme Court's recent holding in District of Columbia v. Heller, __ U.S. __, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), that the Second Amendment protects an individual's right to possess a firearm, should apply to him, as a convicted felon, such that the district court should have dismissed the indictment; (2) the five prior felonies that were cited in the indictment – which established that he qualified as an armed career criminal – were "surplusage" because they served no valid purpose; (3) the district court abused its discretion by denying his motion to strike the jury panel based on a venireperson's comments, which were "highly prejudicial" and were made in front of the other jurors; (4) a discovery violation occurred, as he was given only a portion of one of the government witnesses's notes, which did not include a memorialization that the witness testified was in the notes; (5) the district court erred because its instruction to the jury stated that ammunition was found in a patrol car here, even though the court had determined that it would not state that the ammunition was found in a location; (6) the district court abused its discretion by declining to give his requested jury instruction regarding guilt by mere proximity to contraband; and (7) the evidence was insufficient to sustain his conviction.

2

**I.    Indictment in violation of Second Amendment**

Because Brye did not raise this argument to the district court, review here is for plain error. See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).  To prevail under the plain error standard, the appellant must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." Id.  In Heller, the Supreme Court stated that "nothing in [the Court's] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." Heller, __ U.S. at __, 128 S.Ct. at 2816-2817.  Bcause there is no precedent holding that § 922(g) is unconstitutional or that convicted felons cannot be convicted for possessing a firearm, the district court did not plainly err here.

**II.    Indictment surplusage**

We review the district court's ruling on whether to strike surplusage from an indictment for an abuse of discretion. United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971).  Because, however, Brye did not request the court to strike the language in the indictment based on the requirements of § 924(e) or for sentencing purposes, review of that issue is also for plain error. See Gresham, 325 F.3d at 1265.

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the

3

defendant's motion, the court may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d)  The application notes to this rule explain that the authority of the court to strike such surplusage is to be limited to doing so on a defendant's motion. Fed.R.Crim.P. 7 (n.3).  A motion to strike surplusage from an indictment should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.  This is a most exacting standard." United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (internal quotations and citation omitted).  We have found that a defendant was not unduly prejudiced by language that was not stricken from an indictment where the court provided the jury with only a summary of the indictment that did not include references to the disputed language. Id.   The district court did not abuse its discretion in denying Brye's motion to strike surplusage from the indictment because his five prior felonies were relevant to the charge, and the court took measures to ensure that Brye was not unduly prejudiced.

## III.   Venireperson's comments

We review the district court's denial of a motion to strike the jury panel for an abuse of discretion. United States v. Tegzes, 715 F.2d 505, 507 (11th Cir. 1983).  Deference to the district court's discretion is based on that court's unique position to evaluate demeanor evidence and other factors relevant to the

qualifications of a juror. United States v. Hurley, 746 F.2d 725, 727 (11th Cir. 1984). "Accordingly, it is generally proper for a reviewing court, which must rely on a cold record, to defer to the conclusions reached by the trial judge on this issue." United States v. Simmons, 961 F.2d 183, 184 (11th Cir. 1992) (quotation omitted); see United States v. Chandler, 996 F.2d 1073, 1102 (11th Cir. 1993) (noting a trial judge's denial of a for-cause challenge to a potential juror was one of the aspects of a jury trial where we were least likely to disturb the trial judge's exercise of discretion).

To succeed on a claim regarding impartiality, the party proffering a challenge to a juror "must demonstrate that the juror in question exhibited actual bias by showing either an express admission of bias or facts demonstrating such a close connection to the present case that bias must be presumed." United States v. Chandler, 996 F.2d 1073, 1102 (11th Cir. 1993). When reviewing juror impartiality, we have "focused on whether (1) the juror may be affected by matters not in evidence, and (2) the juror may presume guilt rather than innocence." United States v. Dickerson, 248 F.3d 1036, 1045 (11th Cir. 2001). We have upheld a district court's denial of a motion to strike the jury panel where one juror's comments that her son had overdosed on drugs:

> did not constitute an opinion concerning the guilt or innocence of the defendants, nor did it relate to knowledge about the facts, parties, or

5

witness involved . . . . Appellants' suggestion that mere awareness of the adverse consequences of crime induces bias toward the defendant is highly speculative and falls far short of the potential actual prejudice which would mandate additional voir dire.

Tegzes, 615 F.2d at 508.

Under this standard, the district court did not abuse its discretion by refusing to strike the jury panel based on one veniremember's comments because Brye did not show that the other jurors had an actual bias.

## IV. Discovery violation

We review for an abuse of discretion a court's denial of a defendant's motion for a mistrial based on a discovery violation. United States v. Vallejo, 297 F.3d 1154, 1164 (11th Cir. 2002). Although Brye does not set forth under what caselaw, statute, or rule he is asserting that the government failed to provide him with discovery information, it is most likely that he is asserting a violation under Brady v. Maryland, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). The Brady doctrine states that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). In order to establish a Brady violation, a defendant must prove that: (1) the government possessed evidence favorable to the defense, (2) he

6

did not possess the evidence and could not obtain it with any reasonable diligence, (3) the prosecution suppressed the evidence, and (4) a reasonable probability exists that the outcome of the proceeding would have been different had the evidence been disclosed to the defense. Moon v. Head, 285 F.3d 1301, 1308 (11th Cir. 2002). A Brady violation occurs "only if the defendant can show prejudice, e.g., the material came so late that it could not be effectively used." United States v. Beale, 921 F.2d 1412, 1426 (11th Cir.1991).

Because no discovery violation had occurred here – as the notes did not contain the statement that the witness testified was in the notes, and the government was in possession of only a portion of these notes – the district court did not abuse its discretion by denying Brye's motion for a mistrial on this basis.

## V. Ammunition jury instruction

We review a district court's refusal to grant a mistrial for an abuse of discretion. United States v. Trujillo, 146 F.3d 838, 845 (11th Cir. 1998). We conduct "a de novo review of the district court's jury instructions when determining whether they misstate the law or mislead the jury to the prejudice of the objecting party." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (internal quotations and citation omitted). We examine "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors

understood the issues and were not misled." United States v. Starke, 62 F.3d 1374, 1380 (11th Cir. 1995) (citation omitted).

Because the instruction that the district court gave regarding the ammunition that was located inside the patrol car was not an inaccurate reflection of the law or misleading to the jury, the court did not abuse its discretion by denying Brye's motion for a mistrial on this basis.

## VI.    Proximity to contraband jury instruction

"We review a district court's refusal to give a requested jury instruction for abuse of discretion." Trujillo, 146 F.3d at 846.

> A district court's refusal to give a requested instruction is reversible error if (1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue in the trial court that was so important that failure to give it seriously impaired the defendant's ability to defend himself.

United States v. Carrasco, 381 F.3d 1237, 1242 (11th Cir. 2004) (quotation omitted).  "Even if a requested jury instruction is proper, the trial court has some discretion in framing the instruction.  If the charge to the jury adequately and correctly covers the substance of the requested instruction, there is no reversible error." United States v. Lively, 803 F.2d 1124, 1128 (11th Cir. 1986).  In United States v. Gloria, 494 F.2d 477, 483 (5th Cir. 1974), the defendant requested a charge that proximity to marijuana did not constitute possession of marijuana, and

8

we determined that the district court's constructive possession charge was sufficient to preclude a conviction on the defendant's mere proximity to the marijuana.

Here, the district court's constructive possession charge "substantially covered" the "mere proximity" charge that Brye requested, and it precluded his conviction based on his mere proximity to the contraband. Accordingly, Brye cannot establish that the court's refusal to give the requested instruction was reversible error.

## VII. Sufficiency of the evidence

Where, as here, the issue of sufficiency of the evidence has been preserved, we review the sufficiency of the evidence to support a conviction de novo, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." See United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000). The district court's denial of a motion for judgment of acquittal "will be upheld if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." Id. Determinations of the credibility of witnesses fall within the exclusive province of the jury and may not be revisited by us unless the testimony is "incredible as a matter of law." United States v. Calderon, 127 F.3d

1314, 1325 (11th Cir. 1997).

"To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000). The government may obtain a conviction under § 922(g) "either by showing that the defendant actually possessed the firearm, or by showing that he constructively possessed the firearm." United States v. Gonzalez, 71 F.3d 819, 834 (11th Cir. 1996). "[F]or a person to have constructive possession over a firearm, the person must have both the intent and the power to exercise dominion and control over the [firearm]." Id. (internal quotations omitted) (brackets in original).

The evidence presented at trial was sufficient to support Brye's conviction, as the law enforcement officers' testimony allowed the jury to conclude that Brye constructively possessed the firearm that was found.

**AFFIRMED.**