[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2011
JOHN LEY
CLERK

No. 10-12030
Non-Argument Calendar

_____

D.C. Docket Nos. 8:03-cr-00099-RAL-1, 8:10-cv-00062-RAL-EAJ

CHRISTOPHER E. GOODLOE,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 13, 2011)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Christopher E. Goodloe, a federal prisoner serving a 120-month sentence for possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), has filed a first-time 28 U.S.C. § 2255 motion to vacate his sentence.

When Goodloe was sentenced in 2003, his career offender status was based on two prior Florida convictions, including a 2002 escape conviction under Fla. Stat. § 944.40. At sentencing, the district court concluded that the escape conviction was a "crime of violence" under U.S.S.G. § 4B1.1. Goodloe did not appeal from his conviction or sentence, because he had already waived his right to challenge his sentence directly or collaterally in a plea agreement.[1] In 2010, Goodloe filed a § 2255 motion, in which he argued that, based on Chambers v. United States, 555 U.S. 122, 129 S. Ct. 687 (2009), his prior conviction for escape was not a crime of violence. The Government opposed the motion. The district court denied Goodloe's motion on the merits, concluding that his conviction for escape remained a crime of violence under § 4B1.1.

In a § 2255 proceeding, we review questions of law de novo and factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.

---

[1] The Government has not relied on the appeal waiver to oppose Goodloe's § 2255 motion.

2004). While the scope of review in a § 2255 appeal is limited to issues specified in the certificate of appealability ("COA"), we read the COA to encompass procedural issues that must be resolved before we can reach the merits of the underlying claim. McCoy v. United States, 266 F.3d 1245, 1248 n. 2 (11th Cir. 2001).

Although the district court denied Goodloe's § 2255 motion on the merits, we need not address whether an escape conviction under § 944.40 constitutes a violent crime, because Goodloe procedurally defaulted his claim by failing to challenge his sentence on direct appeal. McCoy, 266 F.3d at 1258. To circumvent the procedural bar, Goodloe argues that he was actually innocent of, and suffered a deprivation of due process as a result of, his enhanced sentence under § 4B1.1. However, in a recent decision, McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011), a panel of this Court foreclosed Goodloe's argument. Like Goodloe, the petitioner in McKay did not challenge his career offender status on direct appeal. Id. at 1192. Following a change in this Circuit's law, which reclassified one of the petitioner's prior convictions from a violent to a nonviolent crime, the petitioner in McKay filed a § 2255 motion claiming actual innocence and constitutional violation with regard to his enhanced sentence. Id. at 1194–95. The McKay panel denied the motion as procedurally barred. It reasoned that under

3

Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998), the actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence. McKay, 657 F.3d at 1197–98. We hold that the facts in this case are indistinguishable from the facts in McKay and, therefore, deny Goodloe's § 2255 motion as procedurally barred.

**AFFIRMED.**