[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13163
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60079-WPD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JON MICHAEL AGOSTA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 31, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jon Michael Agosta, proceeding pro se, appeals the district court's denial of his motion to reduce his 77-month sentence under 18 U.S.C. § 3582(c)(1)(B). Agosta argues that § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," gives the district court the authority to reduce his sentence. 18 U.S.C. § 3582(c)(1)(B) (2002). Specifically, he contends that 28 U.S.C. § 2241 expressly permits a reduction of his sentence because his sentence was enhanced for a predicate offense that this Circuit later decided is not a crime of violence. The government responds that the district court properly denied Agosta's motion. Specifically, the government argues that the district court lacked jurisdiction because Agosta did not file his § 2241 motion in the district of his incarceration. We agree that the district court lacked jurisdiction to consider Agosta's motion and for that reason affirm the district court's denial of his motion.

I.

"We review de novo questions concerning the jurisdiction of the district court." United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998). The authority of a district court to modify a sentence is a question of law that is also

subject to <u>de novo</u> review.  See  <u>United States v. Phillips</u>, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  <u>Id.</u> at 1194–95.  Specifically, § 3582(c) provides that a district court "may not modify a term of imprisonment once it has been imposed" unless: (1) the Director of the U.S. Bureau of Prisons moves to reduce the defendant's term of imprisonment; (2) a modification otherwise is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) the defendant was sentenced based on a guideline range that subsequently was reduced by the U.S. Sentencing Commission, and a reduction is consistent with the Commission's policy statements.  See <u>Id</u>. at 1195.  When a motion is filed under § 3582(c)(2), but there is no statutory authority to modify the sentence, a district court lacks jurisdiction to change the sentence.  See <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1316–19 (11th Cir. 2002).

Here, Agosta argues that § 2241 confers authority for the district court to modify his sentence.  Agosta concedes that "§ 2241's application is generally limited to the district in which a prisoner is confined," but contends that this rule is "not absolute."  However, our precedent instructs that courts outside the district of a petitioner's incarceration do not have jurisdiction over a petitioner's § 2241 motion.  <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991).  The

3

Supreme Court has explained that the habeas corpus provisions, including § 2241, "contemplate a proceeding against some person who has the <u>immediate custody</u> of the party detained, with the power to produce the body of such party before the court or judge." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435, 124 S. Ct. 2711, 2717 (2004) (quotation marks omitted).  Because Agosta filed his § 2241 motion in the Southern District of Florida while incarcerated in the Middle District of Florida, the district court lacked jurisdiction to review the motion.[1]

For this reason, we affirm the district court's denial of Agosta's motion for a sentence reduction.

**AFFIRMED**.

---

[1] We are aware that Agosta was released from custody in the Middle District of Florida on November 14, 2012.  <u>See</u> Federal Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Dec. 17, 2012).  We are also aware that his current address is within the Southern District of Florida.  Agosta has not raised the question of whether he may re-file his motion in the Southern District of Florida, and we do not address it.