**UNITED STATES of America**

**v.**

**Carlton D. BRYE # 49616–018.**

**Case No. 8:07–cr–292–T–26TGW.**

United States District Court,
M.D. Florida,
Tampa Division.

March 7, 2013.

Rachelle Desvaux Bedke, U.S. Attorney's Office, Tampa, FL, for Plaintiff.

Mara Allison Guagliardo, Mary A. Mills, Federal Public Defender's Office, Tampa, FL, for Defendant.

### *ORDER*

RICHARD A. LAZZARA, District Judge.

The Court has scheduled a status conference in this case for Friday, April 5, 2013, at 10:00 a.m., in response to an order entered by a United States District Judge in the Southern District of Georgia (sometimes referred to in this order as "the

Georgia court") granting Defendant's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and directing that he be returned to this district to be resentenced.[1] The Government, as reflected in the response to Defendant's petition, conceded that Defendant was entitled to relief in the form of a resentencing based on the "savings clause" of 28 U.S.C. § 2255(e) and § 2241 and also waived any procedural default which may have barred Defendant from obtaining relief.[2] After careful and thoughtful reflection on this unique scenario involving a district judge of one district ordering a district judge of a different district to alter and amend a sentencing order, the Court respectfully declines to follow the directive of its coequal colleague in the Southern District of Georgia and will not resentence Defendant for the following reasons.

## PROCEDURAL HISTORY

On February 20, 2008, a jury found Defendant guilty of being a convicted felon in possession of a firearm and ammunition affecting interstate commerce.[3] Because he had suffered convictions in the past that qualified him as an armed career criminal under then existing Eleventh Cir-

cuit law, he faced an enhanced sentence pursuant to the provisions of 18 U.S.C. § 924(e)(1), commonly referred to as the Armed Career Criminal Act (the ACCA).[4] Defendant's enhancement resulted in an enhanced offense level of 33, a criminal history category of VI, and an advisory guideline range of 235 to 293 months of imprisonment.[5] Of more significance is the fact that his maximum statutory term of imprisonment was increased from ten years to life, and he was subjected to a mandatory minimum term of imprisonment of fifteen years.[6] On May 2, 2008, this Court sentenced him to a mid-advisory guideline range of 265 months followed by sixty months of supervised release.[7] At the time of his sentencing, Defendant's two prior convictions for carrying a concealed firearm qualified as crimes of violence for purposes of enhancement under Eleventh Circuit law. *See United States v. Gilbert*, 138 F.3d 1371 (11th Cir.1998). Nevertheless, Defendant never objected to his armed career criminal enhancement at his sentencing hearing.[8]

On May 5, 2008, Defendant, through counsel, appealed his judgment of conviction and sentence to the Eleventh Circuit

---

1. *See Brye v. Haynes*, case number 2:12–cv–144–LGW–JEG, docket 15, adopting Report and Recommendation at docket 13 (reported at 2013 WL 443668 (S.D.Ga.2013)). The Court notes that neither the Georgia court nor the Government put the Court on notice of the entry of the order. The Court discovered the Magistrate Judge's Report and Recommendation on Westlaw by happenstance and then accessed the PACER (Public Access to Court Electronic Records) system to review Defendant's § 2241 proceeding initiated in the Georgia court. Based on that access, the Court found the Georgia court's order.

2. *See id.*, docket 12, page 11.

3. *See* docket 47.

4. According to Defendant's presentence report, he was convicted of possession of co-

caine with intent to sell/possession with intent to purchase cocaine/sale or delivery of cocaine in one case, possession with intent to sell or deliver cannabis in another case, aggravated assault in a third case, and carrying a concealed firearm in two other cases. *See* Presentence Report, paragraph 27.

5. *See* Presentence Report, paragraphs 30, 32, 48, 49, and 85.

6. *Compare* 18 U.S.C. § 924(a)(2) *with* 18 U.S.C. § 924(e)(1).

7. *See* docket 57.

8. *See* docket 66 and Addendum to Presentence Report.

Court of Appeals.[9] The Eleventh Circuit issued an unpublished opinion on March 13, 2009, followed by its mandate on April 13, 2009, affirming Defendant's conviction and sentence.[10] Again, Defendant never raised as an issue the legal propriety of his armed career criminal enhancement, specifically with regard to utilizing his two prior convictions for carrying a concealed firearm to support the enhancement, despite the fact that in *United States v. Archer*, 531 F.3d 1347 (11th Cir.2008), decided on June 26, 2008, the Eleventh Circuit abrogated the holding in *Gilbert* after Archer's case was remanded to the Eleventh Circuit by the Supreme Court for reconsideration in light of the holding in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), decided on April 16, 2008.[11]

On March 1, 2010, Defendant, proceeding *pro se*, next filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging only one claim of ineffective assistance of counsel.[12] The Court summarily dismissed that motion.[13] Defendant did not seek review of that order by the Eleventh Circuit. And, again, Defendant failed to raise any objection to his armed career criminal classification in his § 2255 collateral attack on his sentence, specifically as to his two prior convictions for carrying a concealed firearm being improperly classified as violent felonies for sentencing enhancement purposes, despite the decisions in *Begay* and *Archer*.

On August 16, 2012, while confined at FCI Jesup located in Jesup, Georgia, which is within the jurisdiction of the United States District Court for the Southern District of Georgia, Brunswick Division, Defendant, again proceeding *pro se*, for the first time challenged his designation as an armed career criminal in a petition filed pursuant to § 2241, claiming as his only ground for relief that he was "actually innocent of his underlying 18 U.S.C. § 924(e) statutory enhancement."[14] Relying on *Begay* and *Archer*, Defendant alleged that he "is actually innocent of his

---

**9.** *See* docket 58.

**10.** *See* docket 72 (reported at 318 Fed.Appx. 878 (11th Cir.2009) (unpublished)).

**11.** According to the Eleventh Circuit's docket in Defendant's appellate case, case number 08–12578–HH, Defendant's counsel filed the initial brief on August 8, 2008. Because *Begay* had been decided on April 16, 2008, and obviously announced a new rule of criminal law with regard to what does and does not qualify as a violent felony under the ACCA, Defendant was entitled to the benefit of that decision, and by extension the benefit of the decision in *Archer* decided on June 26, 2008, since his case was still pending on direct review. *See Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004)(stating that "[w]hen a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review.") (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). For some unexplained reason, Defendant's appellate counsel did not raise the issue that his two prior convictions for carrying a concealed firearm no longer qualified as violent felonies under the ACCA for sentencing enhancement purposes in light of *Begay* and *Archer* because that issue is not listed among the seven arguments the Eleventh Circuit stated he raised on appeal in the unpublished opinion affirming his judgment of conviction and sentence. *See United States v. Brye*, 318 Fed.Appx. 878 (11th Cir.2009) (unpublished). Under Eleventh Circuit precedent, Defendant's counsel's failure to raise the issue in the initial brief foreclosed him from raising it later in the direct appeal proceedings either in his reply brief or on a petition for rehearing. *See United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir.2004) (and cases cited).

**12.** *See* docket 76.

**13.** *See* case number 8:10–cv–546–T–26TGW, docket 4.

**14.** *See Brye v. Haynes*, case number 2:12–cv–144–LGW–JEG, docket 1, page 4.

underlying statutorily enhanced sentence under 18 U.S.C. § 924(e) because his two (2) prior convictions for 'carrying a concealed firearm' (Florida law) are no longer considered violent felonies under 18 U.S.C. § 924(e)." [15] Importantly, Defendant never advanced the proposition that he was "actually innocent" of committing the crimes of carrying a concealed firearm.[16] In an accompanying memorandum of law, he also noted that his Florida conviction for possession with intent to sell or deliver cannabis also did not qualify as a predicate offense for enhancement purposes because it was punishable by a term of imprisonment not exceeding five years and thus did not qualify as a "serious drug offense" which requires that the maximum term of imprisonment be of at least a duration of ten years. *See* 18 U.S.C. § 924(e)(2)(A)(ii).[17]

As noted earlier, the Government in its response to Defendant's petition conceded that he was entitled to relief and waived procedural default.[18] As was also noted earlier, based on these concessions, the United States Magistrate Judge assigned the case issued a Report and Recommendation recommending that Defendant's petition be granted, which the assigned United States District Judge approved in an order directing that Defendant "be transported to the Middle District of Florida, Tampa Division, for resentencing purposes." [19] In light of the Government's concessions, it is obvious that this order will not be appealed, thus depriving the Eleventh Circuit of the opportunity to determine whether the order has merit in light of that Court's *en banc* decision in *Gilbert v. United States*, 640 F.3d 1293 (11th Cir.2011), *cert. denied*, —— U.S. ——, 132 S.Ct. 1001, 181 L.Ed.2d 743 (2012). In that case, the Eleventh Circuit, sitting *en banc*, decided "that the savings clause does not authorize a federal prisoner to bring in

**15.** *See id.*, docket 1, page 4.

**16.** This was a crucial omission on the part of Defendant inasmuch as the Eleventh Circuit, as explained in *Goodloe v. United States*, 448 Fed.Appx. 980, 981 (11th Cir.2011) (unpublished), has embraced the position that "under *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), the actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual innocence." (Citing *McKay v. United States*, 657 F.3d 1190, 1197–98 (11th Cir.2011)); *see also Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1335, n. 3 (11th Cir.2013) (noting "we have previously suggested that 'for the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is *factually* innocent of the conduct of the underlying crime that serves as the predicate for the enhanced sentence.' ") (quoting *McKay*, 657 F.3d at 1198–99) (emphasis in original in *McKay* ).

**17.** *See Brye v. Haynes*, case number 2:12–cv–144–LGW–JEG, docket 1–1, page 2, note 1.

**18.** Although the Court acknowledges the Government's right to make such a concession, *see Chaplin v. Hickey*, 458 Fed.Appx. 827 (11th Cir.2012) (unpublished), especially with regard to waiving the affirmative defense of procedural default, *see Wood v. Milyard*, —— U.S. ——, 132 S.Ct. 1826, 1834–35, 182 L.Ed.2d 733 (2012), nevertheless, the Government's position, as promulgated by the Solicitor General, that Defendant is entitled to habeas relief under § 2241 does not automatically take on the force of law because of such a concession.

**19.** *See Brye v. Haynes*, case number 2:12–cv–144–LGW–JEG, docket 15. The Court notes, however, that neither the Government's response, the Magistrate Judge's Report and Recommendation, or the District Judge's order cited any authority for the proposition that the relief due Defendant under § 2241 was a return to this Court's jurisdiction for resentencing purposes. This Court's independent research has revealed no such authority supporting such a proposition.

a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Id.* at 1323. The Eleventh Circuit left open, however, the question of whether "the savings clause would permit a prisoner to bring a § 2241 petition claiming that he was sentenced to a term of imprisonment exceeding the statutory maximum." *Id.* That issue is squarely presented by Defendant's case.

## ANALYSIS

There can be no question that the Georgia court and not this Court had jurisdiction to entertain Defendant's § 2241 petition inasmuch as he was incarcerated within that jurisdiction. *See Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir.1991) (holding that "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). As a panel of the Eleventh Circuit observed a little more than one month ago, "our precedent instructs that courts outside the district of a petitioner's incarceration do not have jurisdiction over a petitioner's 2241 motion." *United States v. Agosta,* 505 Fed.Appx. 893, 894 (11th Cir.2013) (unpublished) (citing *Fernandez* ); *see also Lee v. Wetzel,* 244 F.3d 370, 373 (5th Cir.2001) (concluding that the district court in the Northern District of Florida, where Petitioner was

incarcerated, did not have the discretion to transfer petitioner's § 2241 petition to the district court in the Eastern District of Louisiana, where petitioner was sentenced).

■■■ In the Court's view, however, the Georgia court did not possess the authority to order this Court to resentence Defendant because such an order would cause this Court to violate clear and unambiguous Eleventh Circuit precedent in the form of the "mandate rule" which requires that "[a] trial court, upon receiving the mandate of an appellate court may not alter, amend, or examine, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v. Bailey,* 757 F.2d 1112, 1119–20 (11th Cir.1985) (citations omitted); *accord Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1280 (11th Cir.2010) (quoting *Piambino* ).[20] To follow the Georgia court's order would in effect require this Court in resentencing Defendant to "alter" and "amend" the Eleventh Circuit's mandate in this case affirming Defendant's original sentence, which Eleventh Circuit precedent, as just explained, absolutely prohibits.[21] Reaffirming this Court's view of the Georgia court's lack of authority to command this Court to resentence Defendant is the fact that the Georgia court's order does not bind this Court. *See United States v. Cerceda,* 172 F.3d 806, 812, n. 6 (11th Cir.1999) (*en banc* ) (noting that the "[o]pinion of a district court carries no

**20.** The Court realizes that the "mandate rule" is subject to certain exceptions such as "an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *Piambino,* 757 F.2d at 1120 (citations omitted). The jurisdictional problem with regard to this Court invoking these exceptions on behalf of Defendant, however, is that there is nothing pending before *this* Court which would au-

thorize *this* Court to look behind the "mandate rule" based on these exceptions.

**21.** The Court also has a concern that by following the Georgia court's order it will be violating the dictates of 18 U.S.C. § 3582(c) which strictly prohibits the Court from modifying a previously imposed term of imprisonment except under certain narrowly defined circumstances, none of which are present in this case.

precedential weight, even within the same district.") (citation omitted); *see also United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir.1987) (stating that "[a] single district court decision, however (especially one that cannot be appealed), has little precedential effect. It is not binding on the circuit or even other judges in the same district.") (citation omitted).

Additionally, this Court strongly, but respectfully, disagrees with the underlying rationale of the order issued by the Georgia court, rendered in a non-adversarial context and based on concessions by the Government which that court was not required to accept. *Gilbert*, 640 F.3d at 1306, n. 14. Instead, the Court is persuaded by the well-reasoned and thorough opinion rendered by United States District Judge Wm. Terrell Hodges in *McKinney v. Warden, FCC Coleman–Medium*, 870 F.Supp.2d 1351 (M.D.Fla.2012), in which he denied habeas relief to McKinney under § 2241 in a procedural and factual setting virtually identical to Defendant's case, despite the Government's concession that McKinney was entitled to relief.[22] This Court embraces Judge Hodges' ultimate conclusion that the holding and rationale of the *en banc Gilbert* court, which required denial of McKinney's § 2241 petition, likewise should have required that Defendant's petition be denied rather than granted, despite the Government's concession that Defendant was entitled to relief. This Court, like Judge Hodges, "do[es] not see any difference in principle between the case of an offender who receives an enhanced sentence that is both automatic and mandatory under [the] ACCA (citations omitted) and the case of an offender who receives an enhanced sentence for the same reason under the Guidelines, especially when the Guidelines were mandatory at the time." 870 F.Supp.2d at 1358. And, similar to Judge Hodges' observation, "[i]f there is a difference of legal significance between the cases of Ezell Gilbert on the one hand, and [that of Defendant] on the other, [the Court does] not envy the lawyer who will have to explain the difference to Gilbert" while Defendant is afforded the benefit of a substantial reduction in his sentence. *Id.* at 1359. Consequently, the Court respectfully rejects the Georgia court's rationale for granting Defendant § 2241 habeas relief, which the Court is entitled to do under *Cerceda*.

Finally, the Court finds instructive the footnote comments contained in a recent published opinion of the Eleventh Circuit in *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir.2013), which appear to lend support to Judge Hodges' decision. In that case, the Court again sidestepped answering the question left open by the *en banc* court in *Gilbert* as to whether a defendant who could demonstrate that he was erroneously classified as an armed career criminal, such that the defendant is serving a sentence in excess of the statutory maximum, could invoke the "savings clause" in § 2255(e), thereby permitting the defendant to bring a § 2241 petition claiming he was sentenced to a term of imprisonment exceeding the statutory maximum. *Turner*, 709 F.3d at 1335 (stating, in sidestepping the issue, that "we need not dip a toe in the boiling cauldron at this juncture"). In that footnote, the Eleventh Circuit commented in part that "[w]e harbor some doubt as to whether such a showing, even if properly made, would permit opening the § 2241 portal." *Id.* at n. 3.

---

**22.** The Court notes that Judge Hodges' order denying § 2241 relief is on appeal to the Eleventh Circuit in case number 12–12953.

Accordingly, based on the reasons expressed, this Court respectfully declines to follow the directive of the Georgia court to resentence Defendant. In arriving at this conclusion, the Court recognizes that pursuant to 28 U.S.C. § 2243 the Georgia court has the discretion to "dispose of the matter as law and justice require." *See Dasher v. Attorney General,* 574 F.3d 1310, 1318 (11th Cir.2009).[23] In this Court's view, however, the Georgia court's ordered disposition of requiring this Court to resentence Defendant is contrary to the law of the "mandate rule" formulated by the Eleventh Circuit such that any resentencing would be in direct conflict with the interest of justice. It is this Court's further view that it is for the Eleventh Circuit to decide whether its previous mandate affirming Defendant's sentence as an armed career criminal should be altered or modified in a resentencing proceeding.[24]

### CONCLUSION

It is, therefore, **ORDERED and ADJUDGED** that the Court will not resentence Defendant as directed by the Georgia court. The status conference scheduled for **Friday, April 5, 2013, at 10:00 a.m., is cancelled,** and the United States Attorney is directed not to return Defendant to this jurisdiction for resentencing.

23. How the Georgia court decides to dispose of the matter in accord with that statutory mandate, with the exception of ordering this Court to resentence Defendant, is for the Georgia court to decide consistent with its exclusive jurisdiction over Defendant's § 2241 proceeding.

24. To accede to the Government and the Georgia court's proposition that the district court of incarceration, after granting a § 2241 petition, has the jurisdictional authority under the "dispose of the matter as law and justice require" language of § 2243 to order the district court of sentencing to resentence a defendant would lead to the anomalous result of allowing a district court of incarceration in one circuit to order the district court of sentencing in another circuit to resentence a defendant in direct contravention of that other circuit's mandate either affirming a defendant's sentence imposed by the district court of sentencing or affirming the denial of a defendant's request for collateral relief by the district court of sentencing. To say that "Pandora's Box" would be opened in terms of allowing district courts to undermine the finality of circuit-affirmed criminal sentences throughout this country's federal criminal justice system would be an understatement. *Cf. Catches v. United States,* 582 F.2d 453, 458 (8th Cir.1978) (observing that "[a] Pandora's Box of post-conviction litigation would be opened, if we were to accept appellant's suggestion that the accused's state of mind be the controlling factor [in determining whether an informed waiver of appeal was made by a defendant].").